MICHAEL CARLEY *v.* JOHN B. JENKINS & CO.

*Contract.*

The defendants were partners. J., one of the defendants, hired the plaintiff to chop for the firm at $26 per month. After the plaintiff had worked a while, H., the other defendant, who knew of the contract thus made by J., wanted the plaintiff to take charge of their men who were chopping and getting out logs, which the plaintiff consented to do ; and after he had worked thereat awhile, he notified H. that he should charge them $2 per day, and board, and if he would not pay that, he should quit. H. told him to keep at work, and he would pay it, if J. had not made a contract with him to work for less, and the plaintiff kept at work accordingly. J. had made no other contract with the plaintiff than as above stated ; but when he hired him as aforesaid, there was talk about his taking charge of said men at $30 per month, but no bargain was consummated. *Held,* that the promise of H. was binding upon the defendants to pay the plaintiff two dollars per day.

ASSUMPSIT. The case was referred. The question was, whether the plaintiff was entitled to $2 per day for 67¾ days' work for the defendants, or only at the rate of $30 per month. The referee

92

found that in the fall of 1868, the plaintiff was at work for one Griffith, in the lumber business, at $30 per month; that in December of that year, Griffith sold out said business to the defendants, who agreed to pay Griffith's help what had accrued to them that month, at the prices Griffith was to pay; that at the end of the month, the defendant Jenkins, the leading man in the firm of Jenkins & Co., paid the help as agreed, and then made a new contract with the plaintiff and others, whereby they were to work as common choppers at $26 per month; that on the next pay-day thereafter, Hackett, the other defendant, who was then conducting the business of said firm, insisted upon paying, and did pay, the plaintiff $30 per month, notwithstanding the plaintiff protested that he had agreed to work for $26 per mouth; that soon thereafter, Hackett wanted the plaintiff to take charge of the men who were chopping and getting the logs into shape to be drawn from the woods to the mill; that the plaintiff consented to take a team and some men and get out logs for other teams to haul to the mill, and entered upon that business, and after working thereat about a week, told Hackett, who was then in the charge of the business as aforesaid, that he should charge him $2 a day and board, and that he should quit them unless he gave him that; whereupon Hackett told him to keep to work, and he would pay him that, unless Jenkins had made a trade with him to pay him less. The referee further found, that at the time Jenkins agreed with the plaintiff to work for $26 per mouth as aforesaid, the subject of the plaintiff's taking charge of help at $30 per month, was mentioned; but the referee was unable to find that a contract to that effect was consummated. It appeared that $30 per mouth and board, was the highest price paid to any other person in the defendants' employ, and that the plaintiff was an extra hand as a lumberman. At $2 per day, the referee found $55.32 due the plaintiff; at 30 per month, he found that he had been overpaid.

The court, at the May term, 1873, BARRETT J., presiding, rendered judgment on the report for the plaintiff; to which the defendants excepted.

———— ————, for the defendants.*

* The defendants' brief was not furnished the Reporter.

*Norman Paul,* for the plaintiff.

The facts found and reported by the referee in regard to what took place between the plaintiff and Hackett, are sufficient to constitute a new contract, and show that the parties so understood it, and that the old one was abandoned. The requesting of the plaintiff to continue in their employ, and allowing him thus to continue after he had named his price for that kind of service, coupled with the fact that the defendants, with a full knowledge of the plaintiff's claim, permitted him to go on without objection on their part, was a waiving of all former contracts, and an acquiescence in the new one. If a party allows a person to perform service, or manufacture an article, for him, at a price which has been named, without objection made at the time, his silence and acceptance of the service rendered, precludes him from ever after making objection to the terms proposed ; he will be bound by the contract. *Austin* v. *Wheeler*, 16 Vt. 95 ; *Willey* v. *Warden*, 27 Vt. 655 ; *Lawrence* v. *Davey*, 28 Vt. 264 ; *Sprague* v. *Sprague's Estate*, 30 Vt. 483 ; *Seargent* v. *Seward*, 31 Vt. 509 ; *Jordan & wife* v. *Dyer*, 34 Vt. 104.

The opinion of the court was delivered by

PECK, J. No question arises as to the plaintiff's work during the time he worked as a common chopper under the contract to labor at that business at twenty-six dollars a month. The question is whether he is entitled to two dollars a day after that, while he had charge of the men and a team getting out logs for other teams to draw to the mill It appears that soon after the plaintiff, at the request of the defendant Hackett, entered upon this new kind of business, he told Hackett that he should charge two dollars a day and board, and that unless he would pay that price he should quit them ; and that Hackett thereupon told him to keep to work, that he would pay him the two dollars a day, if Jenkins, the other defendant, had not made a trade with him to work for a less sum. The referee finds that at the time Jenkins agreed with plaintiff to work as a common chopper at twenty-six dollars a month, the subject of his taking charge of help at thirty dollars a month was mentioned, but he is unable to find that a

contract to that effect was consummated. The condition of Hack·
ett's promise to pay the two dollars a day, manifestly had reference
to some contract he thought Jenkins perhaps might have. made
with plaintiff to take charge of help; or at least to some supposed
contract other than the contract made, by Jenkins with plaintiff to
labor as a common chopper at twenty-six dollars a month; for it
appears that when Hackett previously paid the plaintiff for his
work under that contract, they both knew what that contract was,
the plaintiff then claiming it to be at twenty-six dollars a month.
As the referee finds no other contract made by Jenkins with the
plaintiff, the promise of Hackett to pay the two dollars a day, is
binding on the defendants to pay the plaintiff that price.

Judgment affirmed.